Vincent Terio
70 Lakewood Road, APT 4-M
Waterbury, CT 06704

18CV2903

March 26, 2018

TO: United States District Court
of the Southern District of New York
        Pro Se Intake Unit
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street Room 200
New York, New York 10007-1312


Dear Pro Se Intake Unit:


        1. Please enclosed find Mr. Terio's moving papers to proceed in the U.S. District Court; (Pro Se Intake Unit) dated March 26, 2018.

        2. Mr. Terio, is willing to pay contingency basis of 50-percent.

        3. Requesting trail by jury and attorney fees.

        4. Thanking you in advance for your kind attention to this letter.


                                        Very truly yours,

This is a New York case.                Vincent Terio
                                        (203) 233-6464

SUPREME COURT, PUTNAM COUNTY    1.

WILLIAM J. CARLIN, JR., COMMISSIONER OF FINANCE,

                                  Plaintiff,

            v.

VINCENT TERIO;

**New York Case:**              Defendant.

_____X

BACKGROUND: Commissioner of Finance; herein after "Commissioner"

1. "Commissioner" on his own incentive had a tax lien foreclosure
of four parcels; 39.-2-12.1-12.2-12.3-12.4, in the Supreme Court,
Putnam, Index Nos. 211/02- 1619/07-3710/09; in which said four
parcels were without recorded deeds with the Clerk of the Court,
pursuant to RP-5217 Reports.

2. Under said Index No. 211/02, the "commissioner" did not title
search said four parcels; nor serve the right defendant because
said four parcels did not exist by deeds and RP-5217 reports.

3. The same applys' to said Index Nos. 1619/07 & 3710/09, the
commissioner had failed to serve the right defendant.

4. Under Index No. 1619/07; said four parcels, were "withdrawn" from
said tax lien foreclosure action.

5. The "commissioner" had failed to start a new tax lien foreclosure
within one year. In respect to said four parcels.

6. Under Index No. 3710/09, the commissioner and real property tax
attorney had witnessed the "J.S.C.; approve said four parcels. Fraud
upon the court.

7. These four parcels have been created in violation to applicable
subdivision regulation. Vertifate of Comliance will need to be app-
roved and recorded.

8. In further support (ABSTRACT OF TITLE). Found In: Vincent Terio.
Tax Map descriptions Of Lots 39.-2-12.1-12.2-12.3-12.4; does not
Conform to Any Record Descriptions.

BACKGROUNG:  Supreme Court, Putnam County, Index No. 211/02.

Tax Lien Foreclosure of subject four parcels: 39.-2-12.1-12.2-12.3-12.4

"Commissioner of Fincence, herein after "Commissioner" had filed a

tax lien foreclosure, in same court, Index No. 211/02 of same said

four parcels, in which the "commissioner" had failed to  serve the
right defendant; three (3) years later.

Commissioner had filed another tax lien foreclosure of same four parcels,
in the Supreme Court under Index No. 1619/07; three (3) later., in
which the commissioner had failed to serve the right defendant.

"Commissioner" had a third tax lien foreclosure in same court of same
four parcels, within two (2) Index No. 3710/09, two (2) later.
                                            a tax lien
The "commissioner" new or should have known. When       .. foreclosure.
has been pending for twelve (12) months without any reqired action
having been taken therein. The Clerk of Supreior Court shall issue
written notice to all parties, advisingthat the matter as to any or all
defendants will be "dismissed".  In which said Clerk of the Court did
not do or otherwise.

In this tax lien foreclosure; should been dismissed under said Index No.
211/2002; upon failure to serve the right defendant within 30-days.

9. Further, further, I have an affirmation from an attorney of law,
affirmation in that Vincent Terio cannot be liable for any taxes
due and owning of said four parcels. Supreme Court, Putnam County,
Index No. 1159/05. Thereafter my attorney had "abandoned" "TERIO" without
reason or otherwise.

10. The "commissioner's" tax lien of said Index Nos. 211/02-1619/07-
3710/09. Of said four parcels is illegal; (1) because they were not
recorded by deeds and RP-5217 reports; (2) said four parcels are ill-
egal in an R-80 two acre zonying; (3) The court; "S.C.J.; commissi-
oner, and tax attoney's; all did lack subject & personnly jurisdiction,
over said four parcels; in a course of eight (8) years of legislation
under said Index Nos. 211/02-1619/07-3710/09.

11. When a foreclosure matter has been pending for twelve (12) months
without any required action having been taken       therein.
The Clerk of Superior shall issue written notice to all parties, ad-
vising that the matter as to any or all defendants will be "dismissed";
in which the Clerk of the Court did not do or otherwise.

12. Bruhlstone, LLC, a limited liablility Company of the State of N.Y.
located at 1441 Route 22, Suite 204, Brewster, New York 10509; had
purchased, said four parcels, 39.-2-12.1-12.2-12.3-12.4. from County of
Putnam, dated 9/7/2010.; and tax map 39.-2-13 & 39.-2-13.1; known as
Vincent Terio's; (1) One family home w/2.56 acres of land, and (2)
One Bedroom Home w/5.00 acres of land; under construction., in which
"Bruhlstone, LLC" &"Charbonneau" had no interest.

13. Bruhlstone, LLC and attorney  Joseph A. Charbonneau, Esq.; filed
in Supreme Court, Putnam County, Index No. 3488/2010, an illegal evic-
tion; Bruhlstone, LLC  v. Vincent Terio, dated,01/18/2010; ORDER TO
SHOW CAUSE. However, no judge from the Supreme Court, Putnam County,
was ever assigned to this Warrant of eviction.

14. At this point: (1) Dennis J. Sant, Putnam County Clerk; knew or

3.

14. should have known; that said four parcels were not recorded in the Putnam County Clerk's Office (Denniis J. Sant).

15. William A. Shilling, Jr. the attorney for the tax district in connection with the foreclosure of tax liens by the County of Putnam. Knew or should have known, that said four parcels were not recorded with the Putnam County Clerk's Office.

16. Robert  H. Feller, Esq. knew or should known, as the Putnam County tax district in connection with the foreclosure of tax liens by the County of Putnam; that said four parcels were not recorded with  the Putnam County Clerk's Office.

17. Every lawyer who initiates an action should be careful to confirm that he has the right defendant, and also that his client has "standing" to sue this defendant.  In an action for tax lien foreclosure, for ex-ample, he should avoid namimg anyone as a defendant until he has rea-sonable proof that the putative defendant caused or  contributed to the tax lien foreclosure.

18. "Shilling" and "Feller", did not investigate  the facts in this case with respect to said four parcels, under said Index Nos. 211/02-1619/07-3710/09, in the course of eight (8) years. Fraud upon the court.

19. With respect to said "Warrant of Eviction". "Terio" who was put out of his said home is entitled to recover triple damages; RPL §235.

20. In another case: Vincent Terio v. Bruhlstone, LLC. Supreme Court, County of Westchester, Index No. 1501-12.

21. Bruhlstone, LLC, had failed to hire an attorney, had failed to appear and had failed to answer the complaint.

(a) The courts decision and order dated october 9, 2012. The Court can-not sua sponte dismiss the action, until defendant properly appears in this action.  File another summons and complaint.

22. This tax lien foreclosure action, should have been dismissed

under said Index No. 211/02, upon failure to serve the right defendant, within 30-days.
(a) Under Index No. 1619/07, said four parcels were with-drawn from

the tax lien foreclosure action.

(b) ABSTRACT OF TITLE: Title Found in Vincent Terio.: Tax Map descrip-

tions Does not Conform to Any record descriptions Of Lots 39.-2-12.1-
12.2-12.3-12.4.

(c) I have an affirmation from my attorney of law, affirmation in that

Mr. Terio cannot be liable for any taxes due and owning on said four

parcels. My attorney Osaruwense Igunbor, attorney of law had abandoned
Mr. Terio, without reason or otherwise.
23. "Commissioner's tax lien foreclosure, under Index No. 211/02.Four

parcels is illegal because said four parcels were not deeded with an

RP-5217; and in fact said four parcels are illegal in an R-80 two acre

zonying.

(a) With respect to jurisdiction: The "commissioner"; S.C.J.; Supreme

Court, Putnam County; were all without subject & personnly jurisdiction

over said four parcels. And upon information and belief a crime has been

committed under said Index Nos. 211/02-1619/07-3710/09; fraud upon the

court.........................................

24. S.C.J. , Supreme Court, Putnam, dated 8/9/10, said parcels ID Nos.

39.-2-12.1, 39.-2-12.2, 39.-2-12.3 and 39.-2-12.4 is granted. Fraud upon

the court.

25. COMMENT: "Terio", under protest $29,271.00, for said four parcels.

Because the assessor of Philipstown had taken from Mr. Terio's deed

Liber 1679 Page 318, recorded August 30, 2004, filed at the Putnam

County Clerk's Office.

(a) The assessor had taken the five acres, from said Liber 1679 Page 318.

The assessor on his own incentive spit said five acres into said four

parcels. 39.-2-12.1-12.2-12.3-12.4. Fraud upon the court.

(b) Bruhlstone, LLC, had taken same acres, owned by "Terio", in which

5.

(b)  it is shown on the Philiptown assessment tax roll as Bruhlstone, LLC, as Curr Owner of said 5.00 acres of land, owned by "Terio" by liber Liber 1679 Page 318 .

(c) Bruhlstone, LLC, is also shown as the owner of Mr. Terio's one family home w/2.56 acres; listed on the Philipstown tax roll. Parcel tax map 39.-2-13.1 Deed Date 09/07/2010. Deed Book 1860 Page 306. Deed Type: **Quit Claim.**

26.

Subject Four Lots:
39.-2-12.1, 0.13 Acres
39.-2-12.2, 0.05 "
39.-2-12.3, 2.48 "
39.-2-12.4, 2.34 "

---

The four parcels created by the assessor Gary M. Ritchie, Philiptown and George R. Michaud, Director of Real Property Tax Map Services Both "Ritchie" & "Michaud""Retired"

These four lots have been created in violation to applicable sub-division regulations. To rectify this situation, a Vertifate of Compliance will need to be approved and recorded.

---

"Ritchie" & "Michaud" with the assist-ant of the "commissioner" for the real property taxation of $169,500, with respect to said four lots.

Ritchie, Michaud & Commissioner, were with-out subject & personal jurisdiction over said four lots.

---

The executed Quitclaim deeds; Liber 1860 Page 233, recorded 09/01/ 2010 "Commissioner" To: Putnam County Attorney and Liber 1860 Page 306, recorded 09/07-2010; County of Putnam to Bruhlstone, LLC were in violation to applicable subdivision regulations and Subrogation in Taxes or Assessment; no written agreement.

The judge had void Liber 1860 Page 233   & Liber 1866 page 306.

---

Therefore, the tax lien on said four lots, in the amount of $169,500. was illegal and fraud upon the court; and an illegal eviction by said quitclaim deeds.

26. (a) Neither a tax map nor any other assessment record establishes title to real property. Volume 6 - Opinons of Counsel SBEA 36.

(b) It is the proposition of this guide, that parcel maps are reference tools and do not replace deeds or record plans and the legal conveyance of a property either by boundary, dimension or ownership. Marden v. Dorothy, 160 N.Y.  39, 56, 54 N.E. 726, 731.

27. The "commissioner" should be careful to confirm that he has the right defendant. and also, that his client has "standing" to sue this defendant. In any action to recover real property taxation, for example, he should aviod naming anyone as a defendant until he has reasonable proof that the putative defendant has cause the tax lien foreclosure. In other words, it had taken "S.C.J." over eight (8) years of said four parcels in favor of the "commissioner". Fraud upon the court.

(a) Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. Wahl v. Round Valley Bank 38 Ariz, 411 300 P. 955 (1931), Tube City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146p 203(1914); and Milken v. Meyer, 311 U.S. 457, 61 S.CT, 339, 85L Ed 2d 278 (1940).

(b) Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Latana v. Hopper, 102 F/2d 188; Chicago v. New York 37 F.Supp. 150, .

(c) "Terio"/Defendant's motion to dismiss is not untimely because her time to answer or otherwise respond has not yet begun to run since "Commissioner"/Plaintiff has not effected proper service of process. See Commissioner/ v. Terio, in the Supreme Court, Putnam County, Index Nos. 211/02-1619/07-3710/09.

28. Section 49.23 (1) (b), F.S., provides that the recording of a Notice of Lis Pendens BARS enforcement against the property described in the notice of pendens of all liens UNDECORDED at that time unless the Holder of the  unrecorded lien intervenes in the foreclosure.
If the  foreclosure is prosecurted to a judicial sale the property is discharged fromsuch unrecorded liens.

29.Establishes protection for Senior Citizens against unwarranted evictions, requires "Commissioner" to file an affaidvit determining whether or not "Terio" is a senior and set forth guidelines and procedures for a default eviction against a senior, including representation of counsel. Defines senior citizen, as persons age 62 and over for the purposes of real propperty actions and law. Bill Tex:NY Assembly 2946-2011 General Assembly-eLOBBYIST. Vincent Terio, age 88 years old.

30. In anycase, it is illegal and every case which has had fraud involved can be re-opened at any time, because there is no statutes of limitations on fraud. This is a trillion dollar "justice"Industry" to be tapped.

31. A case will usally need to be retired with "different" court official. "Often in an entirely different venue".

Attorneys, J,S.C., & Clerks of the Court, all commit Fraud Upon the Court

There is no statute of limitations for bringing a fraud upon the court claim. *Hazel-Atlas*, 322 U.S. at 244. â€œA decision produced by fraud on the court is not in essence a decision at all and never becomes final.â€ *Kenner v. Commâ€™r of Internal Revenue*, 387 F.2d 689, 691 (7tʰ Cir. 1968).

The provision of Rule 60(b) commonly known as the â€œsavings clauseâ€ states: â€œThis rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., Â§ 1655, or to set aside a judgment for fraud upon the court.â€ The fraud upon the court described in the savings clause is distinct from the fraud described in Rule 60(b)(3), the latter of which allows a court to relieve a party of a judgment upon the showing of â€œfraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.â€

A fraud upon the court action must satisfy a very demanding standard to justify upsetting the finality of the challenged judgment. The Third Circuit has described the standard as follows: In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by â€œthe most egregious misconduct directed to the court itself,â€ and that it â€œmust be supported by clear, unequivocal and convincing evidence.â€ *Id.* at 386-87 (internal footnote and citation omitted).

Clerk of the Court are considered officers of the court. The court whose responsibilities include maintaining the record of the court.

Demand for jury trial. Based upon fraud upon the court.

Clerk of the Court; knew or should have known, that the subject four parcels were without an RP-5217 report, nor did they by deeds, recorded with the Clerk of Court.

The tax lien foreclosure of said four parcels.The tax lien attorneys knew or should have known that said four parcels were flase and with-deeds an RP-5217 reports in a course of eight (8) years of legislation.

The S.C.J. knew or should have known, that said four parcels were illegal, and in an R-80 two acre zonying.

In the matter of Vincent Terio v. William J. Carlin, Jr.; Commissioner of Finance. Supreme Court, County of Westchester, Index No.69098/2016. "Commissioner" had requested a "change of Venue" to another court; instead of Supreme Court, County of Westchester, Index No69098/2016.

(a) I would not receive a fair trial in the Supreme Court, Putnm County, Index No.500272/2017.

(b)  **A case will need be retired with "different" court official "Often in an entirely different venue".**

(c) Real Property tax lien foreclosure attorneys; knew or should have known that said four parcels were illegal; based upn a title search.

7.

32. Change from Supreme Court, Putnam County, TO: Another Court wihin

9th judicial District.  Based: fraud upon the court.

33. Attorney's Contingency Basis of 50 percent.


N.Y. Case                                    Vincent Terio
                                             70 Lakewood Road, APT 4-M
                                             Waterbury, CT 06704
                                             (203) 233-6464




PROfile: Vincent Terio, age of 88 years old and whell-chair-bound;
disabled veteran.

Title Search, evidence that said four parcels do not exist by RP-52;7
reports.

Under Index No. 1619/07; said four parcels were allbeen withdrawn
from the tax lien foreclosure action..

Under Index No. 3710/09 "S.C.J." had approved said four parcels;
fraud upon the court.

Under Index Nos. 211/02-1619/07-3710/09. The "Commissioner" had failed
to serve the right defendant; in a course of eight (8) years, within
30-days.


Commissioner, had one year to serve      process; under Index No. 1619/07.
Tax lien foreclosure action.

The Court must prove on the record, all jurisdiction facts (in which the
S.C.J.) never did dofacts related to the jurisdiction asserted. Latana v.
Hopper, 102 F.2d 188; Chicago v. New York 37 F.Supp. 150.

Mr. Terio, had paid under protest $29,271.00, in which was fraud upon
the court, because said four parcels did not exist or otherwise,
Is Mr. Terio entitled a refund of said $29,271.00 ?.


                                             Vincent Terio

7.

32. Change from Supreme Court, Putnam County, TO: Another Court wihin 9th judicial District. Based: fraud upon the court.

33. Attorney's Contingency Basis of 50 percent.


N.Y. Case

*Vincent Terio*

Vincent Terio
70 Lakewood Road, APT 4-M
Waterbury, CT 06704
(203) 233-6464



PROfile: Vincent Terio, age of 88 years old and whell-chair-bound; disabled veteran.

Title Search, evidence that said four parcels do not exist by RP-52¡7 reports.

Under Index No. 1619/07; said four parcels were allbeen withdrawn from the tax lien foreclosure action..

Under Index No. 3710/09 "S.C.J." had approved said four parcels; fraud upon the court.

Under Index Nos. 211/02-1619/07-3710/09. The "Commissioner" had failed to serve the right defendant; in a course of eight (8) years, within 30-days.

Commissioner, had one year to serve     process; under Index No. 1619/07. Tax lien foreclosure action.

The Court must prove on the record, all jurisdiction facts (in which the S.C.J.) never did dofacts related to the jurisdiction asserted. Latana v. Hopper, 102 F.2d 188; Chicago v. New York 37 F.Supp. 150.

Mr. Terio, had paid under protest $29,271.00, in which was fraud upon the court, because said four parcels did not exist or otherwise, Is Mr. Terio entitled a refund of said $29,271.00 ?.

*Vincent Terio*

Vincent Terio

Vincent Terio
70 Lakewood Road, APT 4-M
Waterbury, CT 0607

7017 3040 0000 8460 8503



U.S. POSTAGE
PAID
WATERBURY, CT
06704
MAR 27 18
AMOUNT
**$4.87**
R2305K133141-05

1000        10007

United States District Court
of the Southern District of New York
Pro Se Intake Unit
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street Room 200
New York, New York  10007-1312

USMP3
SDNY

2018 MAR 29  AM 3: 32